IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERSTATE REALTY MANAGEMENT COMPANY,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>PF HOLDINGS, LLC,<br><br>　　　　　　　　　　Defendant. | Civil Action No. _____<br><br>*Civil Action*<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Interstate Realty Management Company ("Plaintiff"), by and through its undersigned counsel, by way of Complaint against Defendant, PF Holdings, LLC alleges:

**PARTIES**

1.　Interstate Realty Management Company (hereinafter "Plaintiff," "IRM" or "Agent") is a corporation licensed to do business in New Jersey and throughout the United States. IRM's principal place of business is 3 East Stow Road, Marlton, New Jersey, 08054.

2.　Defendant, PF Holdings, LLC (hereinafter "Defendant" or "PF Holdings") is a New York-based limited liability corporation. PF Holdings does business throughout the United States, including the State of New Jersey.

**JURISDICTION AND VENUE**

3.　This Court has jurisdiction over the subject matter which falls within this Court's original jurisdiction pursuant to U.S.C. §1332 (diversity of citizenship). Complete diversity exists between Plaintiff, Interstate Realty Management Company,

{00022942}

having its principal location in Marlton, New Jersey, and Defendant, PF Holdings, having its principal location in New York.

4. Venue in this district is proper under U.S.C. §1391 because Plaintiff's claims arose in this district.

5. The amount in controversy exceeds $75,000.00.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff IRM is a real estate management company, which manages numerous housing developments throughout the United States.

7. Defendant PF Holdings is a development holdings company that has a portfolio of several different housing developments throughout the United States.

8. One of Defendant's projects is Roosevelt Garden Apartments with an address of 702 N. Lincoln Court, Jacksonville, Florida (the "Property").

9. On October 1, 2014, Defendant entered into a management agreement (the "Agreement") with Plaintiff to manage Roosevelt Garden Apartments.

10. The Agreement was executed by representatives for both Plaintiff and Defendant.

11. Among other things, IRM, as manager, was to market the Property, manage rentals, collect rent, enforce leases, maintain and repair the Property, manage utilities and services, hire and manage on-site employees, maintain records, manage budgets, and to perform all other services as set forth in the aforementioned Agreement.

12. In consideration for the variety of duties handled by IRM as Agent, Defendant agreed to compensate Plaintiff for its work.

13. Paragraph 19 of the Agreement reads:

<u>Agent's Compensation</u>. The Agent will be compensated for its services under this Agreement by monthly fees, to be paid by the Owner. Such fees will be payable on the 1st day of each month and computed and paid according to HUD requirements. Future changes on the calculation of the management fee required by HUD will automatically be part of this Agreement.

    a. Each such month fee will be in an amount equal to $33.00/ per unit per month.
    b. A monthly accounting charge in the amount of $7.50/per unit per month will be allowed. This accounting fee is subject to periodic increases based on actual costs.
    c. A Software licensing fee of $29.30/per unit per year.

14. Plaintiff has ceased providing services under the Agreement since December 2015.

15. On various occasions within the last several months, Plaintiff has requested that Defendant pay the amounts owed pursuant to the terms of the Agreement.

16. To date, there is $311,773.03 due and owing, plus interest. A spreadsheet setting forth the amount owed is attached hereto as Exhibit A.

17. Defendant has not paid the demanded amount and all demands for same have gone unanswered.

## COUNT ONE
### Breach of Contract

18. Plaintiff repeats and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

19. Based upon Defendant's actions, namely failure to pay the compensation to IRM as set forth under the terms of the Management Agreement, Plaintiff IRM has suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory, consequential and punitive damages, plus interest, costs, attorneys fees, and other relief deemed just and owing.

## COUNT TWO
### Breach of Good Faith and Fair Dealing

20. Plaintiff repeats and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

21. Inherent in every contract in New Jersey is a duty of good faith and fair dealing.

22. Defendant, by failing to pay IRM those fees to which it is rightfully entitled, has breached that covenant and has caused IRM to suffer damages.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory, consequential and punitive damages, plus interest, costs, attorneys fees, and other relief deemed just and owing.

## COUNT THREE
### Quantum Meruit

23. Plaintiff repeats and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

24. Plaintiff IRM performed the services as set forth under the terms of the Management Agreement and has not been paid for those services.

25. It is unjust for Defendant to receive the benefit of such services without payment.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory, consequential and punitive damages, plus interest, costs, attorneys fees, and other

relief deemed just and owing.

## COUNT FOUR
### Unjust Enrichment

26. Plaintiff repeats and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

27. By failing to pay for the services rendered by IRM, Defendant has been unjustly enriched to the detriment of Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory, consequential and punitive damages, plus interest, costs, attorneys fees, and other relief deemed just and owing.

## COUNT FIVE
### Promissory Estoppel

28. Plaintiff repeats and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

29. By virtue of signing the Management Agreement, Defendant promised to compensate IRM, as Agent, for its services.

30. By Defendant's failure to pay, IRM has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory, consequential and punitive damages, plus interest, costs, attorneys fees, and other relief deemed just and owing.

## COUNT SIX
### Intentional Misrepresentation

31. Plaintiff repeats and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

32. Defendant intentionally misrepresented that it would pay Plaintiff IRM for

Case 1:16-cv-04095-JBS-JS   Document 1   Filed 07/07/16   Page 6 of 7 PageID: 6

its services.

33. By failing to pay, IRM has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory, consequential and punitive damages, plus interest, costs, attorneys fees, and other relief deemed just and owing.

## COUNT SEVEN
### Common Law Fraud

34. Plaintiff repeats and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

35. Upon information and belief, Plaintiff believes that Defendant never intended to pay the Agent as set forth under the terms of the Management Agreement.

36. By failing to disclose this fact, Plaintiff IRM has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory, consequential and punitive damages, plus interest, costs, attorneys fees, and other relief deemed just and owing.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that David J. Azotea, Esq. is hereby designated as trial counsel on behalf of the Plaintiff in the above-captioned litigation for the firm of Levine, Staller, Sklar, Chan & Brown, P.A.

## NEW JERSEY LOCAL CIVIL RULE 11.2 CERTIFICATION

I hereby certify that there are no other actions or arbitrations pending or contemplated involving this subject matter or controversy. I further certify that there are no additional known parties who should be joined in the present action at this time. I

certify that the foregoing statements are true. I am aware that if any of the above statements are willfully false, I am subject to punishment.

              **LEVINE, STALLER, SKLAR, CHAN & BROWN, P.A.**
              Attorneys for Plaintiff

              *s/David J. Azotea*

Dated:  July 6, 2016    By: _____
              DAVID J. AZOTEA, ESQUIRE