IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERSTATE REALTY MANAGEMENT COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> PF HOLDINGS, LLC, <br><br> Defendant. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 16-4095 (JBS/JS) <br><br> **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

This matter comes before the Court on Plaintiff Interstate Realty Management Company's ("IRM") motion for default judgment. Plaintiff brought this suit against Defendant PF Holdings, LLC, after Defendants failed to pay monthly fees due under a real estate management contract between the parties. Because Defendant has not answered or otherwise responded to Plaintiff's Complaint, Plaintiff now seeks default judgment against it under Fed. R. Civ. P. 55(b). For the reasons that follow, Plaintiff's unopposed motion for default judgment will be granted, and the Court will enter a Default Judgment in favor of Plaintiff and against Defendant in the amount of $316,841.70.

The Court finds as follows:

1. **Factual and Procedural Background.** Plaintiff filed a Complaint [Docket Item 1] on July 7, 2016, alleging that

Plaintiff and Defendant entered into an agreement by which IRM would manage an apartment development for Defendant in Florida, in exchange for a monthly fee, but that Defendant has not paid the amount owed under the terms of the agreement. (Compl. ¶¶ 6-15.) As a result of these allegations, Plaintiffs seek to recover, under the terms of the agreement, $311,773.03, plus interest, costs, and attorney's fees.

2.    The Complaint together with the summons was served upon William Moffett, a Vice President of PF Holdings, on July 28, 2016 at 10 Jill Street, Newark, New Jersey. [See Docket Item 4.] Defendant filed no response to Plaintiff's Complaint, and the Clerk of Court accordingly entered default against Defendant on September 9, 2016.[1] Plaintiff's motion for default judgment followed. To date, Defendant has not filed a response.[2] [See Docket Item 7.]

3.    In support of the pending motion, Plaintiff filed an affidavit from Sandy Cipollone, a Senior Vice President of IRM, submitting copies of spreadsheets and invoices to PF Holdings of the monthly fees owed under the agreement. [Docket Item 7-2.]

---

[1] The deadline to respond to Plaintiff's Complaint was August 18, 2016.

[2] The deadline to oppose Plaintiff's motion for default judgment was October 3, 2016.

The invoices show that Defendant owes IRT $311,663.11 in management fees, payroll, health and dental insurance, data processing, 401(k) matching, licensing fees, employment screening, and other fees. IRT additionally seeks $4,322.25 in accrued interest, $456.17 in costs related to the filing and service of the Complaint, and $4,612.50 in attorney's fees, for a grand total of $321,054.03.

  4. **Standard of Review.** Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to a file a timely responsive pleading. See Fed. R. Civ. P. 55(b)(2); see also Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)). A party seeking default judgment is not entitled to relief as a matter of right; the Court may enter default judgment "only if the plaintiff's factual allegations establish the right to the requested relief." Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, Case No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012) (internal quotations and citation omitted). Thus, before granting default judgment, a court must determine: (1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a

sufficient cause of action, and (3) whether the circumstances otherwise render the entry of default judgment "proper." Teamsters Health & Welfare Fund of Phila. v. Dubin Paper Co., No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). A court must accept as true every "well-pled" factual allegation of the complaint, but no presumption of truth applies to the plaintiff's legal conclusions or factual assertions concerning damages. Comdyne I. Inc. v. Corbin, 908 F.2d 1149 (3d Cir. 1990); 10 C. Right, A. Miller, & M. Kane, Federal Practice and Procedure (2d ed. 1983), § 2688, at 444. The Court addresses each element in turn.

5.    **Subject Matter Jurisdiction.** The Court begins by noting that subject matter jurisdiction is proper under 28 U.S.C. § 1332. Plaintiff's Affidavit in Further Support of Motion to Enter Default Judgment [Docket Item 6] avers that IRT is incorporated in and has its principal place of business in New Jersey and that PF Holdings is incorporated in and has its principal place of business in New York, and that the amount in controversy exceeds $75,000.

6.    **Evidence of Personal Jurisdiction and Proof of Service.** In addition, Plaintiff has produced sufficient evidence of proof of service. According to the Certificate of Service [Docket Item 4], PF Holding's Vice President, William Moffett,

was personally served with the summons and Complaint on July 28, 2016. The certification of service appended to the present motion also reflects that Plaintiff served PF Holdings with a copy of the default judgment submission. [Docket Item 7-4.] The Court has personal jurisdiction over PF Holdings because the summons and complaint were served upon an officer of the corporation within the state. N.J.S.A. 4:4-4(a)(6).

      7.  **Legitimate Cause of Action.** The Court readily finds that Plaintiff has asserted a valid cause of action for breach of contract.[3] To make out a claim for breach of contract under New Jersey law, a plaintiff must allege that (1) there is a contract between the parties; (2) the contract was breached; (3) the breach caused damages; and (4) the party stating the claim performed its own contractual obligations. Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007) (citing Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 210 F. Supp. 2d 552, 561 (D.N.J. 2002)). Here, Plaintiff has alleged: (1) that IRT and PF Holdings entered into a management agreement on October 1, 2014 regarding an apartment development in Florida

---

[3] The Complaint also asserts claims, in the alternative, for breach of good faith and fair dealing, quantum meruit, unjust enrichment, promissory estoppel, intentional misrepresentation, and common law fraud. (See generally Compl.)

(Compl. ¶¶ 6-9); (2) that IRT performed the management services under the agreement (id. ¶¶ 11, 14 & 24); (3) that PF Holdings has not compensated IRT under the terms of the management agreement (id. ¶ 15); and (4) that IRT has suffered damages in the form of the $311,773.03 that remains due and owing under the terms of the agreement (id. ¶ 16). Therefore, Plaintiff has sufficiently alleged a cause of action for breach of contract to establish Defendant's liability for the purposes of this default judgment.

8.   **Appropriateness of Default Judgment.** The Court must finally examine whether the entry of default judgment would be proper, taking into consideration whether the party subject to default has a meritorious defense, the prejudice suffered by the party seeking default, and the culpability of the party subject to default. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987).

9.   In this case, Defendant has failed to proffer any defense, meritorious or otherwise, to Plaintiff's claims, and the Complaint itself reflects no fatal deficiency. See Hill v. Williamsport Police Dept., 69 Fed. App'x 49, 52 (3d Cir. 2003) ("Because the defendants had not yet filed an answer, the District Court was unable to evaluate whether they had a litigable defense, [rendering this] factor . . .

6

inconclusive."); Surdi v. Prudential Ins. Co. of Am., No. 08-
225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008) ("The facts
as alleged in the Complaint provide no indication of a
meritorious defense.").

10.   Moreover, as Plaintiff has no other means to recover
damages from Defendant, Plaintiff will be prejudiced in the
absence of default judgment. See Joe Hand Promotions, Inc. v.
Waldron, 2013 WL 1007398, at *4 (D.N.J. Mar. 13, 2013) (noting
prejudice to plaintiff "because it has no alternative means of
vindicating its claim against the defaulting parties."); Gowan
v. Cont'l Airlines, Inc., No. 10-1858, 2012 WL 2838924, at *2
(D.N.J. July 9, 2012) (inability to "vindicate rights" absent a
default judgment constitutes prejudice).

11.   Lastly, the Court notes that Defendant was served with
the Complaint nearly six months ago, yet to date has never
responded to or defended against Plaintiff's claims, nor even
entered an appearance in this case. Defendant may be presumed
culpable for their inaction. See Lee v. A to Z Trading LLC, No.
12-4624, 2014 WL 7339195, at *3 (D.N.J. Dec. 23, 2014) (finding
the defendant's failure to respond despite awareness of the
litigation "due to culpable conduct"); Teamsters Health &
Welfare Fund, 2012 WL 3018062, at *4 ("Defendant's failure to
answer demonstrates Defendant's culpability in its default");

7

Slover v. Live Universe, Inc., No. 08-2645, 2009 WL 606133, at
*2 (D.N.J. Mar. 9, 2009) (Defendant is presumed culpable where
it has failed to answer, move, or otherwise respond). On
balance, these factors weigh in Plaintiffs' favor, and the Court
will accordingly grant default judgment. See Joe Hand
Promotions, Inc., 2013 WL 1007398, at *4 (finding that factors
weigh in favor of default where there was no indication of a
cognizable defense to plaintiffs' claims, plaintiff had no
alternative means of seeking damages, and defendants failed
entirely to respond).

    12.   **Damages.** The Court turns now to the question of
damages. In considering the amount of damages, where the
plaintiff seeks damages in a sum certain, the Court may rely
upon detailed affidavits, without resorting to a hearing. Durant
v. Husband, 28 F.3d 12, 15 (3d Cir. 1994); Golia v. IBCS Group,
Inc., Case No. 14-2577, 2015 WL 1914652, at *4 (D.N.J. April 27,
2015). As stated above, IRT seeks $311,773.03 in damages as a
result of PF Holdings' breach of the management agreement, and
has substantiated these claims with an affidavit from a senior
official of IRT and a voluminous number of invoices and
spreadsheets. [Docket Item 7-2 ("Cipollone Cert.").] The Court
will accordingly award that amount in damages to Plaintiff.

13.   Plaintiff also seeks interest on its damages at a rate of 2.25% daily under N.J. Ct. R. 4:42-11. Plaintiff mis-cites the rule, which provides for pre-judgment interest only in tort cases. Interest in a contract case derives from the provision for interest in the contract itself, and no such clause providing for pre-judgment interest is in the record. Accordingly, no pre-judgment interest will be awarded. Interest on an unpaid federal judgment, however, will accrue in the future pursuant to 28 U.S.C. § 1961 at the federal post-judgment interest rate prevailing when the judgment was entered.

14.   Finally, Plaintiff seeks $456.17 in costs and $4,612.50 in attorney's fees. (Cipollone Cert. ¶¶ 5-6.) The starting point for this Court's determination of reasonable attorney's fees is the lodestar calculation, which is the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate. United Auto. Workers Local 259 Soc. Sec. Dept. v. Metro Auto Ctr., 501 F.3d 283, 290 (3d Cir. 2007). A request for fees must be accompanied by "fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys." Id. at 291 (quoting Evans v. Port Auth., 273 F.3d 346, 361 (3d Cir. 2001)). Moreover, "where the documentation of hours is inadequate, the

district court may reduce the award accordingly." Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

15.   The Court has reviewed the four-page billing record from Plaintiff's counsel, Levine, Staller, Sklar, Chan & Brown, P.A., containing individual entries memorializing the work spent on this case, (see Ex. B to Cipollone Cert.), and  notes that it contains sufficient detail to determine whether the fees and costs are reasonable. See Teamsters Health & Welfare Fund, 2012 WL 3018062, at *5. The record reflects that attorneys spent 14.10 hours on research, client contact, drafting pleadings, and filing the present motion for default judgment. Counsel charged reasonable hourly rates between $215 and $325. In addition, counsel accrued $456.17 in costs from the Complaint filing fee, postage, and service on Defendant. Having carefully examined the itemized invoice submitted, the Court is satisfied that the fees and costs are well documented and do not appear to be "excessive, redundant, or otherwise unnecessary," and that 14.1 hours of work at the stated hourly rate is reasonable in light of the nature of the case and the services rendered. Interfaith Cmty Org. v. Honeywell Intern., Inc., 426 F.3d 694, 711 (3d Cir. 2005). Accordingly, the Court will award fees and costs in the requested amount of $5,068.67.

16.   For the reasons stated above, the Court will grant Plaintiff's motion for default judgment, and the Court will enter Default Judgment against Defendant and in favor of Plaintiffs in the amount of $316,841.70, consisting of $311,773.03 in total damages, no pre-judgment interest, and $5,068.67 in reasonable attorneys' fees and litigation costs.

17.   An accompanying Order for Default Judgment will be entered.


**January 4, 2017**                          **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                             Chief U.S. District Judge