**LEVINE STALLER** attorneys at law

**Levine, Staller, Sklar, Chan & Brown, P.A.**

**DAVID J. AZOTEA**
Member NJ & FL Bars
*Certified by Supreme Court of the State of New Jersey as a Civil Trial Attorney*

dazotea@levinestaller.com
Fax: 609-347-1166

February 1, 2017

*Via ECF/CM Filing*
Hon. Jerome B. Simandle, U.S.D.J.
United States District Court for the District of NJ
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 4A
Camden, NJ  08101

RE:   Interstate Realty Management Company v. PF Holdings, LLC
      USDC Case No. 16-cv-4095

Dear Judge Simandle:

Please accept this letter brief in support of Plaintiff's Motion to Amend Judgment pursuant to F.R.C.P. 59(e).

## PROCEDURAL HISTORY

Plaintiff filed its Complaint against PF Holdings, LLC on July 7, 2016, seeking to recover $311,773.03 due and owing for services provided by Plaintiff, Interstate Realty Management Company (hereinafter "IRM"). Those funds were due under a Management Agreement signed by the parties on October 1, 2014. Though properly served, Defendant failed to answer the Complaint or otherwise plead. On September 9, 2016, the Clerk entered Default as to PF Holdings, LLC, for failure to plead or otherwise defend. On September 19, 2016, Plaintiff filed its Motion for Default Judgment as to PF Holdings, LLC. On January 4, 2017, the court granted Plaintiff's Motion for Default Judgment, thereby entering judgment in favor of Plaintiff, IRM and against Defendant,

Hon. Jerome B. Simandle, U.S.D.J.
RE:   Interstate Realty Management Company v. PF Holdings, LLC
      USDC Case No. 16-cv-4095
February 1, 2017
Page 2

PF Holdings, LLC in the amount of $316,841.70.  By way of the within Motion, Plaintiff now seeks to amend the Default Judgment Order to add additional entity defendants.

## FACTS

On January 4, 2017, this Court entered Default Judgment against Defendant, PF Holdings, LLC.  See, Affidavit of Sandy Cipollone ("Cipollone Aff."), at ¶ 3.  While PF Holdings, LLC is a proper Defendant in interest, it has come to Plaintiff's attention upon further review of its internal file in preparation for post-judgment discovery, that two (2) additional Defendants, who received management services provided by Plaintiff, and are accordingly liable for the sums due Plaintiff as set forth in the Complaint, were not named as necessary parties.  Id. at ¶ 4.

PF Holdings, LLC was the original buyer of the multi-family apartment facility known as Roosevelt Gardens, located at 702 North Lincoln Court, Jacksonville, Duval County, Florida (the "Property") under that certain Agreement of Sale ("Purchase Agreement") dated August 6, 2013, as amended, with Roosevelt Associates, Ltd., a Florida limited partnership ("Seller"), the seller of the Property.  On or about September, 2014, PF Holdings, LLC assigned its interest in the Purchase Contract to PF Roosevelt LLC, a Florida limited liability company. As set forth in the Fourth Amendment to the Purchase Contract dated September 2014: (a) the parties thereto recited that PF Holdings, LLC, or one of PF Holdings, LLC's principals is a member of PF Roosevelt, LLC; and (b) PF Roosevelt, LLC desired to cause (i) Roosevelt GA, LLC to purchase the improvements at the Property in order to carry out tax-exempt bond financing and

{00050367}

Hon. Jerome B. Simandle, U.S.D.J.
RE:   Interstate Realty Management Company v. PF Holdings, LLC
      USDC Case No. 16-cv-4095
February 1, 2017
Page 3

(ii) PF Roosevelt, LLC to purchase solely the land at the Property. Id. at ¶ 5 and Exhibit A.

Thereafter, at the closing on the sale of the Property occurring on or about December 17, 2014, Seller executed and delivered a specialty warranty deed conveying the improvements at the Property to Roosevelt GA, LLC and a separate special warranty deed conveying the land at the Property to PF Roosevelt, LLC. Id. at ¶ 6 and Exhibit B (copies of deeds).

Following the said closing, Plaintiff provided management services to the Property as set forth in the Complaint. Id. at ¶ 7. Based upon the foregoing and the documents attached hereto, both PF Roosevelt, LLC and Roosevelt GA, LLC, the owner of the improvements and the land, respectively, at the Property, received the benefits of IRM's services and are interested and necessary Defendants. Id. at ¶ 8.

Due to an oversight, and because of the commonly related names of the entities, they were not initially pled as parties; however, based upon their relationship with PF Holdings, LLC, as evidenced in the agreement attached to the Certification of Sandy Cipollone, judgment should be amended to add these entities as necessary Defendants. Id. at ¶ 9.

These additional entities should be added as they (a) are corporate successors to PF Holdings, LLC; (b) share the same members or affiliates of such members, and are involved in the same transactions, such that all parties share a relation back to the original Defendant, PF Holdings, LLC; and (c) received the benefit of management

Hon. Jerome B. Simandle, U.S.D.J.
RE:   Interstate Realty Management Company v. PF Holdings, LLC
       USDC Case No. 16-cv-4095
February 1, 2017
Page 4

services at the Property provided by Plaintiff, being the subject of the Complaint. Id. at ¶ 10.

Based on the foregoing, it is respectfully requested that the additional entities, PF Roosevelt, LLC and Roosevelt GA, LLC be added to the judgment as party debtors.

## LEGAL ANALYSIS

### I.   Standard of Review

**A Motion To Amend A Judgment Is Addressed To The Sound Discretion Of The District Court.**

Pursuant to F.R.C.P. 59(e), a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. The decision to amend a judgment rests solely with the District Court.

In the instant matter, Judgment was filed on January 4, 2017. It has been less than 28 days since that time as of this filing; therefore, Plaintiff's Motion is timely. As set forth more fully below, this Court should amend the judgment to add the additional necessary default judgment debtors.

### II.   This Court Should Amend The Judgment Against PF Holdings, LLC To Add Additional Parties In Interest, Roosevelt GA, LLC And PF Roosevelt, LLC, As These Parties Are The Successors In Interest To PF Holdings, LLC

The general rule of corporate successor liabilities is that when a company sells (or transfers) its assets to another company, the acquiring company is not liable for the debts and liabilities of the selling company simply because it has succeeded to the ownership of the assets of the seller. See Lefever v. K.P. Hovnanian Enters., 160 N.J. 307, 310 (1999). However, there are exceptions to this rule. The exceptions are: (1)

Hon. Jerome B. Simandle, U.S.D.J.
RE:   Interstate Realty Management Company v. PF Holdings, LLC
       USDC Case No. 16-cv-4095
February 1, 2017
Page 5

the successor expressly or impliedly assumes the predecessor's liabilities; (2) there is an actual or de facto consolidation or merger of the seller and the purchaser; (3) the purchasing company is a mere continuation of the seller; or (4) the transaction is entered into fraudulently to escape liability. Id.

Here, Plaintiff contends exceptions (1), (3) and (4) are met. First, the successor companies impliedly assumed the predecessor's liabilities, as those entities openly and willingly accepted IRM's services. Second, the successors are mere continuations of the Seller. As set forth in the Affidavit of Sandy Cipollone, PF Holdings, LLC originally bought the Property. In around September, 2014, PF Holdings, LLC assigned its interest in the Purchase Contract to PF Roosevelt LLC. Then, pursuant to the Fourth Amendment to the Purchase Contract dated September, 2014, (a) the parties thereto recited that PF Holdings, LLC, or one of PF Holdings, LLC's principals is a member of PF Roosevelt, LLC; and (b) PF Roosevelt, LLC desired to cause (i) Roosevelt GA, LLC to purchase the improvements at the Property in order to carry out tax-exempt bond financing and (ii) PF Roosevelt, LLC to purchase solely the land at the Property. Cipollone Aff. at ¶ 5.

At closing on the sale of the Property, Seller executed and delivered a specialty warranty deed conveying the improvements at the Property to Roosevelt GA, LLC and a separate special warranty deed conveying the land at the Property to PF Roosevelt, LLC. Following said closing, Plaintiff provided management services to the Property as set forth in the Complaint, which inured to the benefit of PF Roosevelt, LLC and Roosevelt GA, LLC. Id. at ¶¶ 6, 7. Additionally, PF Holdings, LLC and Roosevelt GA,

Hon. Jerome B. Simandle, U.S.D.J.
RE:   Interstate Realty Management Company v. PF Holdings, LLC
      USDC Case No. 16-cv-4095
February 1, 2017
Page 6

LLC and PF Roosevelt, LLC all share a common membership. Aaron Puretz is a member of both PF Holdings, LLC and PF Roosevelt, LLC.

Third, Defendant PF Holdings, LLC entered into the transaction fraudulently. With full knowledge of PF Holdings' assignment of contract to PF Roosevelt, LLC, PF Holdings, LLC entered into a binding Management Agreement, but failed to disclose, and/or include, PF Roosevelt, LLC, as its successor in interest. It is believed that PF Holdings' silence was purposeful in an attempt to deceive Plaintiff IRM, such that any claims against PF Holdings, LLC would result in hollow judgments against that entity. This likely played a role in PF Holdings refusal to answer in this matter. Thus, based on that conduct, PF Roosevelt, LLC and Roosevelt GA, LLC were unjustly enriched at IRM's expense. Therefore, these parties must be added to the judgment and judgment should be amended to add Roosevelt GA, LLC and PF Roosevelt, LLC as Defendant debtors.

## CONCLUSION

Based on the foregoing, it is respectfully requested that this Court grant Plaintiff's application to amend the Judgment and add Roosevelt GA, LLC and PF Roosevelt, LLC as Defendant Debtors to the Judgment.

                                    **LEVINE, STALLER, SKLAR, CHAN & BROWN, P.A.**
                                    Attorneys for Plaintiff

                                    *s/David J. Azotea*

Dated: February 1, 2017     By: _____
                                      DAVID J. AZOTEA, ESQUIRE

{00050367}