IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERSTATE REALTY MANAGEMENT COMPANY,<br>                Plaintiff,<br>    v.<br>PF HOLDINGS, LLC,<br>                Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-4095 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

This matter comes before the Court on Plaintiff Interstate Realty Management Company's ("IRM") motion to amend judgment [Docket Item 12]. This Court previously granted Plaintiff's motion for default judgment and entered judgment in favor of Plaintiff and against PF Holdings, LLC ("PF Holdings") in the amount of $316,841.70. Plaintiff now seeks to amend the judgment pursuant to Fed. R. Civ. P. 59(e) to add two additional defendants, PF Roosevelt LLC and Roosevelt GA LLC. For the reasons that follow, Plaintiff's motion must be denied.

The Court finds as follows:

1. **Factual and Procedural Background.** For the purposes of this motion, it suffices to note the following. Plaintiff filed a Complaint [Docket Item 1] on July 7, 2016, alleging that Plaintiff and PF Holdings entered into an agreement by which IRM

would manage an apartment development for Defendant in Florida, in exchange for a monthly fee, but that Defendant has not paid the amount owed under the terms of the agreement. (Compl. ¶¶ 6-15.) Defendant filed no response to Plaintiff's Complaint, and the Clerk of Court accordingly entered default against Defendant on September 9, 2016. Plaintiff's motion for default judgment followed, which this Court granted on January 4, 2017 [Docket Items 10 & 11]. To date, PF Holdings has not filed a response to any of Plaintiff's filings.

2. Plaintiff now seeks to amend the judgment pursuant to Fed. R. Civ. P. 59(e) to add two additional entity defendants as necessary parties, information it contends it only learned when it began post-judgment discovery. Plaintiff asserts that PF Roosevelt, LLC ("PF Roosevelt") and Roosevelt GA, LLC ("Roosevelt GA") received management services provided by IRM to PF Holdings for an apartment development in Florida and are liable for the same amounts as PF Holdings as set forth in the Complaint.

3. According to the documents referenced in the affidavit of Sandy Cipollone ("Cipollone Cert.") [Docket Item 12-2], PF Holdings was the original purchaser, on August 6, 2013, of the Roosevelt Gardens apartment development in Florida ("the Property"). The Fourth Amendment to the Purchase Contract,

2

executed in September 2014, notes the following: (i) "PF Holdings assigned its rights under the [Purchase] Agreement to [PF Roosevelt]" and "PF Holdings or one of PF Holdings' principals is a member of [PF Roosevelt]"; and (ii) "[PF Roosevelt] desires to cause Roosevelt GA to purchase the Improvements" on the Property in order to carry out tax-exempt bond financing and for PF Roosevelt "to purchase solely the Land." (Fourth Amendment to Purchase and Sale Agreement [Exhibit A to Cipollone Cert.] at ¶¶ B & D.) On December 17, 2014, the seller of the Property executed a special warranty deed conveying the improvements on the Property to Roosevelt GA and a special warranty deed conveying the land at the Property to PF Roosevelt. (Deeds [Exhibit B to Cipollone Cert.].) As set forth in the Complaint, in the meantime, on October 1, 2014, IRM and PF Holdings entered into the management agreement for the Roosevelt Garden Apartments at the Property. (Compl. ¶ 9.)

4. Plaintiff's filings in connection with this motion have been served by certified and ordinary mail upon Roosevelt GA at an address in Jacksonville, Florida; upon PF Roosevelt by means of its registered agent in Flemington, New Jersey and in Davie, Florida; and upon PF Holdings to addresses in Newark, New Jersey and Brooklyn, New York. (See Proof of Service [Docket

Item 13] at ¶¶ 4-8 and Exhibits A, B, C & D.) None of these parties have filed a response to Plaintiff's motion.[1]

5. **Standard of Review.** Generally, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in the prevailing law. See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1; see also Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). A motion to amend judgment must be filed without 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e).[2]

6. **Discussion.** Plaintiff seeks, under the rubric of a Rule 59(e) motion, to amend the judgment to impose liability upon two alleged related or successor entities that have never been named in the pleadings. The sole named defendant, which was duly served and as to which default was entered under Rule 55(a), was PF Holdings. While a Rule 59(e) amendment to a

---

[1] Any opposition would have been due by February 21, 2017.

[2] Plaintiff's motion was filed on February 1, 2017, exactly 28 days after the entry of the January 4, 2017 Judgment.

4

judgment may be proper to correct a typographical error in the name of the defendant, see 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2817, there is not authority under Rule 59(e) to identify new parties and new allegations of their liability that have not been set forth in pleadings. Simply mailing a motion to amend under Rule 59(e) to these parties who are strangers to the litigation, as Plaintiff has done here, cannot take the place of naming these new defendants in an amended complaint,[3] serving the amended complaint as required under Rule 4, Fed. R. Civ. P., and presenting these parties with what due process requires: notice and an opportunity to be heard before a court that has acquired personal jurisdiction over the new defendants. Until these procedures have been accomplished, this Court cannot adjudicate the rights of the absent parties. The Court holds that a Plaintiff may not utilize a motion to amend a judgment under Rule 59(e) for the purpose of adding new parties, adding new bases for the liability of the new parties, and enlarging the

---

[3] Plaintiff's motion herein is unopposed, as noted. The lack of opposition from a party that is not before the Court under a proper pleading and service of process, does not imply consent to the amended judgment. These unnamed defendants, PF Roosevelt and Roosevelt GA, were under no duty to respond to the notice of this motion.

existing judgment to include the new parties. Accordingly, Plaintiff's motion will be denied.

7. **Amended Pleadings.** This Court will, however, in the alternative, grant Plaintiff leave to file an Amended Complaint naming the new defendants and setting forth the factual grounds on which liability is sought to be imposed against them. If liability is sought to be imposed as successors to Defendant PF Holdings, the Amended Complaint shall set forth the basis for such a claim. From the documents referenced in the present motion, supra, it would appear that such a claim would be plausible and would satisfy the requirements of Rule 15(a)(2), Fed. R. Civ. P., permitting an amendment to a pleading with leave of court which is to be freely granted when justice so requires. A court has authority to permit an amendment to a pleading even after judgment has been entered. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007). Based upon the certification submitted by Plaintiff in connection with this motion, the Court has no difficulty concluding that justice requires such an amendment here. Plaintiff learned, after judgment was entered and upon inspecting its own files, that the two new entities, PF Roosevelt and Roosevelt GA, also allegedly had interests in the improvements and land, respectively, at the Roosevelt Gardens

apartment complex where Plaintiff rendered its services. There is no just reason to deny Plaintiff the right to pursue claims against these alleged successor entities. Therefore, leave to amend the Complaint will be granted. Any such Amended Complaint shall be filed within fourteen (14) days hereof.

8. The accompanying Order shall be entered.


**June 2, 2017**                                       **s/ Jerome B. Simandle**
Date                                                  JEROME B. SIMANDLE
                                                           U.S. District Judge